## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERTO AYALA | * | |
| 3008 Bluff Point Ln. | * | |
| Silver Spring, MD 20906, | * | |
| | * | |
| MAURICIO BAUTISTA | * | |
| 6605 Parkwood St. | * | |
| Hyattsville, MD 20784, | * | |
| | * | |
| GEREMIAS BERGANZÁ | * | Case No.: |
| 2801 Newton St. | * | |
| Silver Spring, MD 20902, | * | Collective Action and Class Action |
| | * | Complaints |
| HECTOR R. DELGADO | * | |
| 1109 Gilbert Rd. | * | Jury Trial Demanded |
| Rockville, MD 20851, | * | |
| | * | |
| SABINO DÍAZ | * | |
| 2276 Georgian Woods Pl. | * | |
| Silver Spring, MD 20902, | * | |
| | * | |
| JOSÉ JIMENEZ | * | |
| 2370 Glenmont Cir., Apt. 112 | * | |
| Silver Spring, MD 20902, | * | |
| | * | |
| and | * | |
| | * | |
| DOMINGO ZAMORA | * | |
| 2356 Glenmont Cir., Apt. 201 | * | |
| Silver Spring, MD 20902 | * | |
| | * | |
| *On Behalf of Themselves and* | * | |
| *All Others Similarly Situated* | * | |
| | * | |
| PLAINTIFFS, | * | |
| | * | |
| v. | * | |
| | * | |
| TITO CONTRACTORS, INC. | * | |
| 7308 Georgia Ave., NW | * | |
| Washington, D.C. 20012 | * | |
| | * | |
| and | * | |
| | * | |

MAXIMO A. PIEROLA          *
20804 Layton Ridge Drive     *
Gaithersburg, MD 20882      *

                                  *

    DEFENDANTS.         *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Roberto Ayala ("Mr. Ayala"), Mauricio Bautista ("Mr. Bautista"), Geremias Berganzá ("Mr. Berganzá"), Hector R. Delgado  ("Mr. Delgado"), Sabino Diaz ("Mr. Diaz"), José Jimenez ("Mr. Jimenez"), and Domingo Zamora ("Mr. Zamora") (collectively, "Plaintiffs"), by and through undersigned counsel, on behalf of themselves and all others similarly situated, bring this Class Action and Collective Action Complaint against defendant Tito Contractors, Inc. ("TITO") and Maximo A. Pierola (Mr. Tito) (together, "Defendants"), to recover unpaid wages, unlawful deductions, liquidated damages**,** reasonable attorney's fees, costs, and other relief as appropriate under: Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("the FLSA"); Section 32-1012(b) of the D.C. Minimum Wage Act Revision Act, D.C. Code §§ 32-1001 *et seq.* ("the DCMWA"); the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.* ("the DCWPCL"); the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* (hereinafter "the MWHL"); the Maryland Wage Payment and Collection Law ("the MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 *et seq.*; and District of Columbia common law.

### PARTIES AND JURISDICTION

1.      Plaintiff Mr. Ayala resides in the State of Maryland.  Mr. Ayala was employed by Defendants from 1989 until the present.  Mr. Ayala currently works as a supervisor to carpenters.

2.      Plaintiff Mr. Bautista resides in the State of Maryland.  Mr. Bautista was employed by Defendants from June 2004 until the present.  Mr. Bautista currently works as a supervisor.

3.      Plaintiff Mr. Berganzá resides in the State of Maryland.  Mr. Berganzá was employed by Defendants from March 2006 until the present.  Mr. Berganzá currently works as a carpenter.

4.      Plaintiff Mr. Delgado resides in the State of Maryland.  Mr. Delgado was employed by Defendants from the year 1998 until the present.  Mr. Delgado currently works as a supervisor.

5.      Plaintiff Mr. Diaz resides in the State of Maryland.  Mr. Diaz was employed by Defendants from the year 2000 until the present.  Mr. Diaz currently works as a group leader.

6.      Plaintiff Mr. Jimenez resides in the State of Maryland.  Mr. Jimenez was employed by Defendants from June 2004 until the present.  Mr. Jimenez currently works as a regular worker and painter.

7.      Plaintiff Mr. Zamora resides in the State of Maryland.  Mr. Zamora was employed by Defendants from the year 2000 until the present.  Mr. Zamora currently works as a regular worker.

8.      Throughout their respective employment terms, all Plaintiffs performed various construction and carpentry duties at various project sites throughout Washington, D.C., Virginia, and Maryland.

9.      On information and belief, defendant TITO is a Maryland corporation, organized in 1979, with its principal place of business in the District of Columbia.  At all times relevant to

this action, TITO operated continuously in the District of Columbia and the surrounding states, performing construction work and related services.

10.     TITO is an enterprise engaged in interstate commerce within the meaning of the FLSA and is an employer of Plaintiffs within the meaning of the FLSA, the DCMWA, the DCWPCL, the MWHL, and the MWPCL.

11.     At all times relevant to this action, Plaintiffs were employees engaged in commerce within the meaning of the FLSA.

12.     Defendant Mr. Tito (as he refers to himself among his employees) resides in the State of Maryland.  Mr. Tito is the founder, president, and owner of TITO and has exerted a substantial amount of control over significant aspects of TITO's day-to-day operations in the District of Columbia and surrounding states during all relevant time periods.

13.     Mr. Tito is an employer of Plaintiffs within the meaning of the FLSA, the DCMWA, the DCWPCL, the MWHL, and the MWPCL.

14.     The unlawful acts charged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of Defendants.

15.     This Court has jurisdiction over Defendants pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because those claims arise from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.  Venue is proper pursuant to 28 U.S.C. § 1391.

## COLLECTIVE ACTION AND CLASS ACTION COMPLAINTS

16.     This action is brought as a collective action pursuant to the FLSA, 29 U.S.C. §
216(b), and the DCMWA, D.C. Code § 32-1012(b), by Plaintiffs, on behalf of themselves and all
other employees similarly situated, based on employment with Defendants as non-exempt,
hourly-paid or salaried employees between October 18, 2010 and the date of the final disposition
of this action (the "Class Period"), to recover lost wages, overtime compensation, liquidated
damages, interest, attorneys' fees, costs, and all other relief as appropriate for Defendants'
willful statutory violations.

17.     Plaintiffs have each given their written consent to be party plaintiffs in this action
under the FLSA, 29 U.S.C. § 216(b), and under the DCMWA, D.C. Code § 32-1012(b).
Plaintiffs' consents are appended to this Complaint as Attachments 1-7.

18.     Plaintiffs also bring this action as a class action pursuant to Fed. R. Civ. P. 23(a),
(b)(2), and (b)(3) on behalf of themselves and those similarly situated for violations of the
DCWPCL, the MWHL, the MWPCL, and District of Columbia common law to enjoin
Defendants' unlawful conduct and to recover unlawful deductions, treble damages, interest,
attorneys' fees, costs, and all other relief as appropriate for Defendants' willful statutory
violations.  Plaintiffs and all other persons who are or have been employed by Defendants as
non-exempt, hourly-paid or salaried employees at any time during the Class Period will be
referred to jointly as the "Class Members."

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

19.     Throughout the relevant time periods, Defendants provided construction services
to customers, including landscaping, masonry, electrical work, carpentry, and painting at various
locations in the District of Columbia, Maryland, and Virginia.

20.     Defendants' frequent clientele includes the federal and state governments. Plaintiffs and Class Members performed under federal, state and county contracts at Defendants' request.

21.     Upon information and belief, Defendants have, during the Class Period, employed over one hundred (100) hourly-paid or salaried employees, who were assigned to various project sites throughout the District of Columbia, Maryland, and Virginia.

22.     Defendants authorized, assented to, or were aware of the work performed by Plaintiffs and Class Members for the benefit of Defendants.

23.     Plaintiffs and Class Members were assigned to work at particular job sites by Defendants.  When compensation was paid to Plaintiffs, it was done by means of checks reflecting "Tito Contractors, Inc." as the drawer of the check.

## COLLECTIVE ACTION ALLEGATIONS

24.     Defendants routinely required Plaintiffs and similarly situated employees to work in excess of forty (40) hours in one workweek.

25.     Defendants had a legal obligation to pay their hourly-paid and salaried employees overtime wages of time-and-one-half (1½) their regular hourly rate of pay for every hour worked in excess of forty (40) hours each workweek.

26.     Despite Defendants' obligations under relevant wage and hour laws, Defendants intentionally created and implemented a system through which they denied Plaintiffs and similarly situated employees overtime wages.

27.     Upon information and belief, throughout the course of the Plaintiffs' employment, while Plaintiffs and similarly situated employees were denied overtime wages:

a.  Plaintiffs and similarly situated employees often worked up to eighty-four (84) hours per week;

b.  Defendants knew that Plaintiffs and similarly situated employees often worked from sixty (60) to eighty (80) hours per week;

c.  Defendants often insisted that Plaintiffs and similarly situated employees work from sixty (60) to eighty (80) hours per week;

d.  Defendants threatened Plaintiffs and similarly situated employees to perform beyond forty (40) hours a week to retain employment;

e.  Defendants directed and forced Plaintiffs and similarly situated employees to underreport the number of hours worked each week; and

f.  Defendants consistently reported Plaintiffs' and similarly situated employees' overtime hours as regular hours.

28.     Defendants' compensation policies set forth above constitute willful, knowing, and intentional violations of the FLSA and DCMWA.

29.     Defendants authorized, assented to, or were aware of these violations and the work performed by the Plaintiffs and similarly situated employees.

30.     At no time did Plaintiffs perform work that meets the definition of exempt work under the FLSA or DCMWA.

31.     Defendants also violated the FLSA and DCMWA by discriminating against various Plaintiffs and similarly situated employees who complained about Defendants' payment practices.

32.     At all relevant times, Defendants failed to post notices of employees' rights under the FLSA and DCMWA on work premises.

33.     Defendant furthermore failed to keep comprehensive employment records as required under the FLSA and DCMWA.

34.     Defendants' failure to keep accurate time records casts the burden on Defendant to disprove the testimony of employees as to their numbers of hours worked.

35.     The collective action that Plaintiffs propose to maintain under the FLSA, 29 U.S.C. § 216(b) and under the DCMWA, D.C. Code § 32-1012(b), includes all similarly situated individuals who are or have been employed by Defendants as non-exempt, hourly-paid or salaried employees who were not paid time-and-one-half (1½) their regular hourly rate for every hour over forty (40) they worked in any given workweek during the Class Period.

36.     During the Class Period, the duties and responsibilities of the jobs held by individuals similarly situated to the Plaintiffs were the same or substantially similar to the duties and responsibilities of the jobs held by the Plaintiffs, in that all employees performed a variety of construction, carpentry, and odd jobs.

37.     During the Class Period, the harms suffered by individuals similarly situated to the Plaintiffs were the same or substantially similar to those suffered by the Plaintiffs, in that all such employees are and were subject to the Defendants' unlawful compensation policies and practices described in this Complaint.

38.     Accordingly, all members of the proposed collective action are "similarly situated" within the meaning of the FLSA, 29 U.S.C. § 216(b), and under the DCMWA, D.C. Code § 32-1012(b), and are therefore entitled to proceed on a collective basis.

39.     The Plaintiffs are aware of other similarly situated individuals: (1) who were, or are currently, employees of Defendants; (2) who were not, or are not currently, paid as

prescribed by law by Defendants; (3) who had their wages unlawfully withheld by Defendants; and (4) who have not joined this suit for fear Defendants will retaliate against them.

## CLASS ACTION ALLEGATIONS

40.     On information and belief, throughout Plaintiffs' employment, Defendants:

    a.   routinely underreported hours, thereby failing to pay Plaintiffs and Class Members full wages earned;

    b.   consistently failed to pay overtime wages earned;

    c.    routinely deducted wages from Plaintiffs' and Class Members' paychecks for, *inter alia*, tax purposes, medical costs, the use of company cellphones, the use of automobiles and other costs.  Many of these deductions provided no actual benefit to Plaintiffs and Class Members.

    d.   failed to keep accurate time records for Plaintiffs' and Class Members' hours worked; and

    e.   failed to post conspicuously on work premises summaries of employees' rights.

41.     Defendants' policies, practices, unlawful deductions, and wage withholding constitute willful, knowing, and intentional violations of the DCWPCL, the MWHL, the MWPCL, and District of Columbia common law.

42.     Defendants furthermore took adverse action against various Plaintiffs and Class Members for complaining about Defendants' payment practices, violating the MWHL.

43.     Defendants authorized, assented to, or were aware of these violations.

44.     The class action that Plaintiffs propose to maintain under District of Columbia and Maryland laws are properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) and 23(b)(3).

45.     Plaintiffs seek to represent Class Members consisting of:

> All persons who are or have been employed by Defendants as hourly-paid or salaried employees at any time between October 18, 2010 and the present.

46.     Upon information and belief, the Class Members comprise over one hundred (100) present and former employees.  The Class Members are so numerous that joinder of all members is impracticable.

47.     The duties and responsibilities of the jobs held by the Class Members were the same as or substantially similar to the duties and responsibilities of the Plaintiffs.

48.     Plaintiffs' claims are typical of the claims of Class Members because they are or were subject to the same unlawful deductions as described in this Complaint.

49.     Plaintiffs are adequate representatives of the Class Members because Plaintiffs and Class Members are or were subject to, and damaged by, the same unlawful deduction and wage theft practices as described in this Complaint.

50.     Application of Defendants' policies and compensation practice does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment and deduction of wages applies to all class members.

51.     Plaintiffs and Class Members each challenge the legality of the policies and practices as described in this Complaint.  By advancing their own claims, Plaintiffs will necessarily advance the claims of the Class Members.

52.     Plaintiffs will have no conflict with any Class Members and are willing to serve in this representative role.

53.     Plaintiffs have retained counsel that are competent and experienced in class action litigation and who will adequately represent the Class Members.

54.     Questions of fact and law common to all Class Members will predominate over any questions solely affecting individual Class Members.  Among common questions are:

      a.   whether Defendants' wage theft policies and practices set forth in this Complaint took place as alleged;

      b.   whether Defendants' policies and practices constitute violations of the DCWPCL, the MWHL, the MWPCL, and District of Columbia common law; and

      c.   whether Class Members are entitled to relief as requested in this Complaint.

55.     Defendants have acted and/or refused to act on grounds generally applicable to all Class Members and relief concerning the class as a whole is therefore appropriate.

56.     Because Plaintiffs and Class Members suffered the same harms and challenge the same unlawful deductions practices described in this Complaint, a class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously and efficiently, without the duplication of effort and expense and the risk of inconsistent or varying adjudications presented by numerous individuals.

57.     No difficulties are likely to be encountered in the management of this class action, and the identity of the Class Members should be readily available from Defendants' records.

58.     Additionally, Class Members may be informed of the pendency of this class action by mailing, the internet, posting at Defendants' work locations, or other means.

## ALLEGATIONS OF RETALIATORY CONDUCT

59.     Upon information and belief, in conjunction with Defendants' wage theft practices, Defendants, their  officers, agents, employees, or representatives, willfully, knowingly, and intentionally discriminated against certain Plaintiffs and similarly situated employees in response to complaints regarding Defendants' practices.

60.     In September 2013, Plaintiff Mr. Diaz was demoted to work in an isolated warehouse.

61.     Upon information and belief, Defendants demoted Mr. Diaz based on his involvement in this litigation and his expressed resistance to working over eight (8) hours per day without time-and-one-half (1½) pay.

62.     In October 2013, Mr. Bautista's hours were reduced to eight (8) hours a day, five (5) days a week.

63.     Upon information and belief, Defendants reduced Mr. Bautista's hours in response to his contributions to organizing this lawsuit.

64.     In October 2013, after requesting overtime pay, Plaintiffs Mr. Bautista and Mr. Berganzá, along with other similarly situated employees, were told they could only work over forty (40) hours per week if they waived their rights to time-and-one-half (1½) pay.

65.     Plaintiffs are aware of other similarly situated individuals whose employment was discriminated against or terminated for failure to work overtime without time-and-one-half (1½) pay.

## CAUSES OF ACTION

## COUNT I
### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT
### (FLSA) – OVERTIME

66.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 65 above.

67.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

68.     Plaintiffs, and all others similarly situated, were "employees" and Defendants were their "employers" under the FLSA, § 203.

69.     Defendants violated the FLSA by knowingly failing to compensate Plaintiffs, and all other similarly situated individuals, the rate of time-and-one-half (1½) their regular hourly rate for every hour worked in excess of forty (40) hours in any one workweek..

70.     Defendants' violations of the FLSA were repeated, willful, intentional, and in bad faith.

WHEREFORE, Defendants are liable to Plaintiffs, and all other similarly situated individuals, under the FLSA, § 216(b), for all unpaid overtime wages, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT II
### VIOLATION OF THE D.C. MINIMUM WAGE ACT REVISION ACT
### (DCMWA) – OVERTIME

71.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 70 above.

13

72.     Plaintiffs, and all others similarly situated, were "employees" and Defendants were their "employers" under the DCMWA, § 32-1002.

73.     Section 32-1003(c) of the DCMWA provides that "[n]o employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than 1 ½ times the regular rate at which the employee is employed."

74.     Defendants violated the DCMWA by knowingly failing to compensate Plaintiffs, and all other similarly situated individuals, the rate of time-and-one-half (1½) their regular hourly rate for every hour worked in excess of forty (40) hours in any one workweek..

75.     Defendants' violations of the DCMWA were repeated, willful, intentional, and in bad faith.

WHEREFORE, Defendants are liable to Plaintiffs, and all other similarly situated individuals, under the DCMWA, § 32-1012, for all unpaid overtime wages, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
## VIOLATION OF THE MARYLAND WAGE AND HOUR LAW
## (MWHL) – OVERTIME

76.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 75 above.

77.     Plaintiffs and Class Members were "employees" and Defendants were their "employers" under the MWHL, § 3-401.

78.     As Plaintiffs' and Class Members' employers, Defendants were obligated to pay Plaintiffs at the rate of one and one-half (1.5) times Plaintiffs' regular rate of pay for hours worked each week in excess of forty (40) under the MWHL, §§ 3-415, 420.

79.     Defendants violated the MWHL by knowingly failing to compensate Plaintiffs and Class Members the rate of time-and-one-half (1½) their regular hourly rate for every hour worked in excess of forty (40) hours in any one workweek.

80.     Defendants' violations of the MWHL were repeated, willful, intentional, and in bad faith.

WHEREFORE, Defendants are liable to Plaintiffs and Class Members, under § 3-427, for all unpaid overtime wages, interest (both pre- and post- judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT IV
## VIOLATION OF THE D.C. WAGE PAYMENT AND COLLECTION LAW
## (DCWPCL) – UNPAID WAGES AND UNLAWFUL DEDUCTIONS

81.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 80 above.

82.     Plaintiffs and Class Members were "employees" and Defendants were their "employers" under the DCWPCL, § 32-1301.

83.     Under the DCWPCL, § 32-1302, Defendants were required to pay Plaintiffs and Class Members all wages due for work performed.

84.     Defendants failed to timely pay Plaintiffs and Class Members their promised and required wage rate for all hours they worked, in violation of the DCWPCL, § 32-1302.

85.     Defendants made unlawful deductions from Plaintiffs' and Class Members' earned wages and thus failed to pay Plaintiffs and Class Members their promised and required wage rate in violation of the DCWPCL, § 32-1302.

86.     Defendants' violations of the DCWPCL were repeated, willful, intentional, and in bad faith.

WHEREFORE, Defendants are liable to Plaintiffs and Class Members under the DCWPCL, § 32-1308, for their unpaid wages, liquidated damages, interest (both pre- and post-judgment), attorneys' fees, costs, and any other and further relief this Court deems appropriate.

## COUNT V
## VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW (MWPCL) – UNPAID WAGES AND UNLAWFUL DEDUCTIONS

87.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 86 above.

88.     Defendants were the "employers" of Plaintiffs and Class Members under the MWPCL, § 3-501.

89.     Under the MWPCL, § 3-502, Defendants were  required to pay Plaintiffs and Class Members all wages due for work performed.

90.     Defendants failed to timely pay Plaintiffs and Class Members their promised and required wage rate for all hours they worked, in violation of the MWPCL, § 3-502.

91.     Defendants made unlawful deductions from Plaintiffs' and Class Members' earned wages and thus failed to pay Plaintiffs and Class Members their promised and required wage rate in violation of the MWPCL, § 3-503.

92.     Defendants' violations of the MWPCL were repeated, willful, intentional, and in bad faith.

WHEREFORE, Defendants are liable to Plaintiffs and Class Members under the MWPCL, § 3-507.1 for three times their unpaid wages, interest (both pre- and post- judgment), attorneys' fees, costs, and any other and further relief this Court deems appropriate.

## COUNT VI
## VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT (FLSA) – RETALIATION

93.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 92 above.

94.     Section 215(a)(3) of the FLSA provides that "it shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ."

95.     Defendants violated the FLSA by knowingly discriminating against Plaintiffs Mr. Diaz, Mr. Berganzá, and Mr. Bautista, and similarly situated employees, in response to complaints regarding Defendants' failure and refusal to abide by the FLSA.

WHEREFORE, Defendants are liable to Mr. Diaz, Mr. Berganzá, and Mr. Bautista, and all other similarly situated individuals, under § 216(b) for such legal and equitable relief as appropriate, including employment, reinstatement, promotion, unpaid wages, an additional amount as liquidated damages, attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT VII
## BREACH OF ORAL EMPLOYMENT CONTRACT – DISTRICT OF COLUMBIA COMMON LAW

96.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 95 above.

17

97.     Defendants entered into binding oral contracts with Plaintiffs and Class Members for employment, imposing duties on these parties including, but not limited to, the payment of wages for every hour of work performed.

98.     Plaintiffs and Class Members performed under the oral contracts by executing their work duties for as long as they were permitted to do so.

99.     Defendants failed to perform their duties with respect to the payment of wages and thus breached their contracts with Plaintiffs and Class Members.

WHEREFORE, Defendants are liable to Plaintiffs and Class Members for the economic harms caused by Defendants breach of contract including the payment of wages due, prejudgment interest, and other compensation and damages that Plaintiffs would have received but for Defendants' breach of contract.

<u>COUNT VIII</u>
**UNJUST ENRICHMENT/QUANTUM MERUIT –
DISTRICT OF COLUMBIA COMMON LAW**

100.     Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 – 99 above.

101.     By performing services and work at the direction of Defendants, Plaintiffs and Class Members conferred substantial benefits upon Defendants.

102.     Named Plaintiffs did not perform this work gratuitously, but rather with the expectation of being lawfully compensated.

103.     Defendants received valuable compensation for the work performed by Plaintiffs and Class Members, including inflated government contracts based on prevailing wages.

104.     Defendants appreciated, accepted, and retained the benefits of the work performed by Plaintiffs and Class Members.

105.    In exchange for the benefits conferred upon Defendants by Plaintiffs, Defendants did not compensate Plaintiffs and Class Members to the extent required by agreement and by law.

106.    The hours that Plaintiffs and Class Members worked and for which they were not properly compensated were performed at the direction and behest of Defendants or those authorized to act on behalf of Defendants.

WHEREFORE, Defendants are liable to Plaintiffs and Class Members for the value of the benefits of the work performed by Plaintiffs and Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and other similarly situated, respectfully request that the Court:

A.      Declare this action to be maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) and the DCMWA, § 32-1012(b), and direct Defendants to provide to Plaintiffs a list of all persons employed by them as hourly and salaried employees during the Class Period, including the last known address and telephone number of each such person, so that Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it.

B.      Determine the damages sustained by the Plaintiffs during the Class Period as a result of Defendants' willful and intentional violations of the FLSA, 29 U.S.C. § 207(a), and the DCMWA, D.C. Code § 32-1003(c), and award such back pay and unpaid overtime wages against Defendants in favor of Plaintiffs and all similarly situated individuals, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and § 32-1012(b), plus such pre-judgment interest as may be allowed by law;

C.      Declare this Action to be maintainable as a Class Action as to the claims brought under the District of Columbia and Maryland laws pursuant to Fed. R. Civ. P. 23;

D.      Determine the damages sustained by Plaintiffs and Class Members during the Class Period as a result of Defendants' willful and intentional violations of the DCWPCL, the MWHL, the MWPCL, and District of Columbia common law, and award all appropriate damages resulting therefrom to Plaintiffs and Class Members;

E.      Determine that injunctive relief is appropriate as to the Class Members and enjoin Defendants from continuing to violate the FLSA, the DCMWA, the DCWPCL, the MWHL, and the MWPCL.

F.      Determine the damages sustained by Plaintiffs, and all similarly situated employees, during the Class Period as a result of Defendants' willful and intentional violations of the FLSA, § 215(a)(3), and award all appropriate damages resulting therefrom to Plaintiffs and similarly situated employees pursuant to 29 U.S.C. § 216(b);

G.      Award Plaintiffs, their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees, accountants' fees, investigators' fees, experts' fees, and other associated costs; and

H.      Grant Plaintiffs, Class Members, and all similarly situated individuals such other and further relief as this Court may deem just and proper.

PLAINTIFFS AND ALL CLASS MEMBERS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.


Dated:      October 18, 2013                    Respectfully submitted,


                                                By: /s/  Maximilian A. Grant
                                                Maximilian A. Grant (D.C. Bar #481610)

max.grant@lw.com
Timothy J. O'Brien (D.C. Bar #1015631)
(Application for Admission Pending)
timothy.obrien@lw.com
LATHAM & WATKINS LLP
555 Eleventh St., NW Suite 1000
Washington, D.C. 20004
Phone: (202) 637-2200
Fax: (202) 637-2201


By: /s/__Matthew K. Handley_____
Matthew K. Handley (D.C. Bar #489946)
matthew_handley@washlaw.org
WASHINGTON LAWYERS' COMMITTEE FOR CIVIL
RIGHTS AND URBAN AFFAIRS
11 DuPont Cir., NW Suite 400
Washington, D.C. 20036
Phone: (202) 319-1000
Fax: (202) 319-1010


*Counsel for Plaintiffs Ayala, Bautista,*
*Berganza, Delgado, Diaz, Jimenez, and Zamora*