**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AYALA, *et al.*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>TITO CONTRACTORS, INC., *et al.*,<br><br>                    Defendants. | No. 1:13-cv-01603-JEB |

## SETTLEMENT AGREEMENT

Plaintiffs Jose Amaya, Norberto Araujo, Mauricio Bautista, Geremias Berganza, Sabino Diaz, Jose Jimenez, Hernan Latapy, Manuel Medrano, Miguel Padron, Nestor Sanchez, and Domingo Zamora  (collectively, "Active Plaintiffs"), on behalf of themselves and a collective class of individuals who were employed by Defendants Tito Contractors, Inc. and Maximo Pierola (collectively, "Defendants"), hereby enter into the following stipulation of settlement (the "Settlement Agreement") with Defendants this 29th day of September, 2015, to be submitted to the Court for approval.

**RECITALS:**

A.      On October 18, 2013, Plaintiffs Roberto Ayala, Mauricio Bautista, Geremias Berganza, Hector Delgado, Sabino Diaz, Jose Jimenez, and Domingo Zamora (collectively, "Original Named Plaintiffs") brought this collective action entitled *Ayala, et al. v. Tito Contractors, Inc., et al.*, Case No. 1:13-cv-01603 (D.D.C.) (the "Action"), in the United States District Court for the District of Columbia, against Defendants for, *inter alia*, violations of the overtime wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), the regular wage provisions of the District of Columbia Wage Payment and Collection Law

("DCWPCL"), retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3), and various common law claims.

B.      The Court granted Plaintiffs' Motion for Conditional Class Certification of an FLSA class on February 6, 2014.  (Dkt. No. 25.)  Thereafter, nineteen (19) Opt-In Plaintiffs joined this action.  The collective action class thus comprised the following twenty-six (26) Plaintiffs: Jose Amaya, Norberto Araujo, Roberto Ayala, Mauricio Bautista, Geremias Berganza, Jose Berganza, Vitalino Berganza, Jose Cabral, Francisco Campos, Hector Delgado, Jose Diaz, Sabino Diaz, Jorge Granado, Jose Jimenez, Hernan Latapy, Juan Lopez, Manuel Medrano, Miguel Padron, Luis Palacios, Juan Rico, Cesar Rodriguez, Manuel Rodriguez, Nestor Sanchez, Nelson Sorto, Milton Vega, and Domingo Zamora (collectively, "Plaintiffs").

C.      On September 26, 2014, Plaintiffs filed a Notice Dismissing Certain Claims. (Dkt. No. 48).  And on October 27, 2014, Plaintiffs filed a stipulated dismissal of Vitalino Berganza's claims.  (Dkt. No. 52).

D.      On March 4, 2015, the Court granted Plaintiffs' Motion for Summary Judgment. (Dkt. No. 60.)  The Court held that Defendants had violated the FLSA, that Plaintiffs are entitled to unpaid overtime wages, liquidated damages, and attorneys' fees and costs, that Plaintiffs statute of limitations shall extend to three years, and that Defendants are jointly and severally liable for Plaintiffs' damages.  Plaintiffs' claim for equitable tolling was subsequently scheduled for trial on October 13-15, 2015.   After certain Plaintiffs accepted Defendants' Offers of Judgment, the Court entered Judgment as to the following fourteen (14) Plaintiffs: Roberto Ayala, Jose Berganza, Jose Cabral, Francisco Campos, Hector Delgado, Jose Diaz, Jorge Granado, Juan Lopez, Luis Palacios, Juan Rico, Cesar Rodriguez, Manuel Rodriguez, Nelson Sorto, and Milton Vega (collectively, "Adjudicated Plaintiffs").   Judgment was entered as to

thirteen (13) Adjudicated Plaintiffs on June 22, 2014 (Dkt. No. 66), and an additional Adjudicated Plaintiff, Juan Lopez, on September 16, 2015 (Dkt. No. 71).

     E.     As of September 29, 2015, Defendants have paid the judgments owed to all of the Adjudicated Plaintiffs aside from the judgment owed to Juan Lopez.  Said Adjudicated Plaintiffs hereby acknowledge that those judgments have been satisfied in full.  Defendants shall pay the judgment owed to Mr. Lopez as set forth in the Court's September 16, 2015 Order by October 16, 2015.

     F.     On September 14, 2015, the Parties filed their Joint Pretrial Statement (Dkt. No. 68), stipulating therein to three-year statute of limitations period damages owed to Active Plaintiffs under the FLSA and to Plaintiff Mr. Zamora under the DCWPCL.

     G.     On September 22, 2015, the Active Plaintiffs and Defendants (together, the "Parties") agreed in writing to binding terms of settlement.

     H.     In agreeing to this Settlement Agreement, Active Plaintiffs do not concede that any infirmities exist in their claims to damages preceding each Active Plaintiffs' respective three-year statutory period (the "Equitable Tolling Claims") or that there is any merit to Defendants' defenses thereto.  Similarly, by entering into this settlement Defendants do not concede that the Active Plaintiffs' Equitable Tolling Claims have merit or that the Active Plaintiffs are entitled to any damages for these claims.  This settlement is not an admission of lack of merit, or liability on the part of any party.

     NOW THEREFORE, it is hereby AGREED, by and among the Parties to this Settlement Agreement, through their respective attorneys, subject to approval of the Court, as follows:

## I.     REPRESENTATIONS AND WARRANTIES

1.     The Parties represent and warrant as follows, and each acknowledges that the other is relying on these representations and warranties in entering into the Settlement Agreement:

i.    The Parties are voluntarily entering into this Settlement Agreement as a result of arms-length negotiations among their counsel.

ii.    The Parties have exchanged information relating to the claims and defenses asserted in the Action and understand the strengths and weaknesses of their respective positions.

iii.    In executing this Settlement Agreement, the Parties are relying solely on their own judgment, belief and knowledge, and the advice and recommendations of their independently selected counsel, concerning all matters which relate in any way to the subject matter hereof.

## II.     APPROVAL OF SETTLEMENT

2.     The Parties shall take steps to obtain judicial approval of this Settlement Agreement and to implement it as approved.  In the event that the Court or any appellate court finds that the terms of the Settlement Agreement are inadequate or fails to approve the Settlement Agreement, the Parties will negotiate in good faith in an effort to reach new settlement terms that can receive court approval.

## III.     SCOPE AND EFFECT OF SETTLEMENT

3.     The obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition of the Action and in resolution and satisfaction of all pending and previously filed claims of Plaintiffs (the "Released Claims"), including, but not limited to:

     i.     All three-year statutory period damages owed to Plaintiffs under the Fair Labor Standards Act;

    ii.     All damages alleged to be due and owed to Plaintiffs under the theory of equitable tolling;

  iii.     All attorneys' fees and costs incurred by Plaintiffs in the Action; and

  iv.     All Plaintiffs' FLSA, 29 U.S.C. § 215(a)(3), claims for damages based on discrimination and retaliation occurring prior to the filing of the Complaint on October 18, 2013.

## IV.    AMOUNT AND TIMING OF SETTLEMENT PAYMENTS:

4.    Within ninety (90) days of Court approval of this Agreement, Defendants will pay a total of $564,873.04 (the "Settlement Total") in settlement of the Released Claims.

5.    The Settlement Total will be distributed as:

     i.     $360,873.04 distributed to the Active Plaintiffs, comprising:

        a)     $244,876.18 (the "Statutory-Period Total Damages") distributed among the Active Plaintiffs in the amounts set forth in Paragraph 6, Table A, as compensation for the Active Plaintiffs' respective 3-year statutory period FLSA damages claims; and

        b)     $115,996.86 (the "Equitable Tolling Period Total Damages") distributed evenly among the Active Plaintiffs as compensation for the Active Plaintiffs' respective equitable tolling period FLSA damages claims; and

    ii.     $204,000 (the "Attorneys' Fees and Costs Amount") in attorney's fees and expenses.

6.      The Statutory-Period Total Damages and Equitable Tolling Period Total Damages

shall be distributed to the Active Plaintiffs as follows:

| Table A | | | |
|---|---|---|---|
| Active Plaintiff | Statutory-Period Individual Damages | Equitable Tolling Period Individual Damages | "Total Individual Damages" |
| Jose Amaya | $14,753.05 | $10,545.17 | $25,298.22 |
| Norberto Araujo | $18,230.00 | $10,545.17 | $28,775.17 |
| Mauricio Bautista | $22,343.03 | $10,545.17 | $32,888.20 |
| Geremias Berganza | $11,389.17 | $10,545.17 | $21,934.34 |
| Sabino Diaz | $18,925.22 | $10,545.17 | $29,470.39 |
| Jose Jimenez | $31,763.39 | $10,545.17 | $42,308.56 |
| Hernan Latapy | $34,839.59 | $10,545.17 | $45,384.76 |
| Manuel Medrano | $41,220.30 | $10,545.17 | $51,765.47 |
| Miguel Padron | $1,237.25 | $10,545.17 | $11,782.42 |
| Nestor Sanchez | $19,659.71 | $10,545.17 | $30,204.88 |
| Domingo Zamora | $30,515.47 | $10,545.16 | $41,060.63 |
| Total Damages | $244,876.18 | $115,996.86 | $360,873.04 |

7.      Defendants shall pay each Active Plaintiffs' Total Individual Damages as set forth

in Paragraph 6, Table A in two portions:

    i.      As liquidated damages, one half of the amount set forth in the Statutory-

Period Individual Damages column and the full amount of the Equitable

Tolling Period Individual Damages, which shall be treated as a non-wage

penalty not subject to income tax withholding; and

    ii.      As unpaid wages, one half of the amount set forth in the Statutory-Period

Individual Damages column, minus applicable withholding taxes, wherein

such taxes shall have been deducted by Defendants prior to dispersal, and

wherein Defendants shall issue tax documents such as W-2 and 1099 Forms as

appropriate.

8.      Defendants shall make the payments set forth in Paragraph 7 by delivering to The

Washington Lawyers' Committee for Civil Rights and Urban Affairs ("The Washington

6

Lawyers' Committee"), 11 DuPont Circle, NW Suite 400, Washington, DC 20036, checks payable to the Active Plaintiffs.  The Washington Lawyers Committee shall be solely responsible for distributing said checks to the Active Plaintiffs.

9.     Defendants shall pay the Attorneys' Fees and Costs Amount in two portions:

    i.     A check for $164,000 payable and delivered to The Washington Lawyers' Committee, 11 DuPont Circle, NW Suite 400, Washington, DC 20036; and

    ii.    A check for $40,000 payable to Latham & Watkins LLP and delivered to P.O. Box 7247-8202, Philadelphia, PA 19170-8202, said check referencing "c/m # 500539-0021."

10.     After Court approval of this Settlement Agreement, The Washington Lawyers' Committee and Latham & Watkins LLP shall provide Defendants' counsel with properly completed IRS W-9 Forms.  Defendants are not required to make the payments referenced above in Paragraph 9 unless Defendants' counsel has received these IRS forms.

11.     Active Plaintiffs are solely responsible for any and all additional employee-owed portions of federal, state, and local taxes due virtue of their receipt of any portion of the Total Individual Damages under the terms of this Settlement Agreement that have not been withheld and paid pursuant to Paragraph 7.  If, and to the extent that, the Equitable Tolling Period Individual Damages are subject to income tax withholding, Plaintiffs shall not be responsible for employer payroll taxes.

12.     All proceedings with respect to the administration, processing, and determination of claims described in this Settlement Agreement and the determination of all controversies relating thereto shall be subject to the jurisdiction of this Court.

13.     Defendants warrant that all checks disbursed pursuant to Paragraphs 8 and 9 shall be valid and backed by sufficient funds for deposit for at least sixty (60) days following Defendants delivery thereof.

## V.     OTHER RELEASES

14.     Defendants hereby release Plaintiffs and their attorneys from all of Defendants' pending and previously filed claims or counterclaims in this Action, including all claims to costs or attorneys' fees arising from any offer of judgment proffered by Defendants in this Action.

## VI.    FINAL JUDGMENT AND ENFORCEMENT

15.     If the settlement contemplated by this Settlement Agreement is approved by the Court, counsel for the Parties will request that the Court enter an Order substantially in the form attached hereto as Exhibit B.  The payments set forth in Paragraphs 4-9 shall be due and payable within ninety (90) days of Court approval of this Settlement Agreement.

16.     If Defendants fail to deliver the payments set forth in Paragraphs 4-9 within ninety (90) days of Court approval of this Settlement Agreement, Plaintiffs shall be entitled to their reasonable attorneys' fees and costs incurred in enforcing the terms of the Settlement Agreement plus interest on any unpaid portion of the Settlement Total accruing as of ninety (90) days after of the Court's approval of this Settlement Agreement.

## VII.   BINDING NATURE OF SETTLEMENT

17.     As of the date on which all counsel for the Parties execute this Settlement Agreement, this Settlement Agreement will be binding in all respects, unless the Court fails to approve this Settlement Agreement and the Settlement Agreement and Terms of Settlement will be automatically vacated.

## VIII.   MISCELLANEOUS PROVISIONS

18.     The Exhibit B attached hereto is hereby incorporated by reference as though fully set forth herein.

19.     This Settlement Agreement may not be modified or amended, and none of its provisions may be waived, except by a writing signed by all Parties hereto.

20.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

21.     The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court, and the Court retains jurisdiction for the purpose of enforcing and administering this Settlement Agreement.

22.     One Party's waiver of any other Party's breach of this Settlement Agreement will not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

23.     This Settlement Agreement and its recitals and exhibit constitute the entire agreement among the Parties hereto concerning the settlement of the Action; and no representations, warranties, or inducements have been made by any Party hereto concerning this Settlement Agreement and its exhibits other than those contained and memorialized in such documents.

24.     This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts will be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement will exchange among themselves original signed counterparts.

25.     This Settlement Agreement is binding upon, and inures to the benefit of, the Parties and their successors and assigns.

26.     The construction, interpretation, operation, effect, and validity of this Settlement Agreement, and all documents necessary to effectuate it, is governed by the internal laws of the District of Columbia without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

27.     This Settlement Agreement will not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arms'-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Settlement Agreement.

28.     Whenever possible, each provision and term of this Settlement Agreement will be interpreted in such a manner so as to be valid and enforceable.

29.     All counsel and any other person executing this Settlement Agreement and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms.

30.     The Parties will accept all non-material or procedural changes to this Settlement Agreement if required by the Court in connection with approval of the Settlement Agreement, but are not obligated to accept any changes in the monetary amount of relief provided for herein or any other changes that affect either party's obligation to pay any amounts in connection with this Settlement Agreement, or any other substantive change.

PLAINTIFFS

_____     09/30/15
Jose Amaya                          Date

_____     09-30-15
Norberto Araujo                     Date

          ✓ MANUEL ERNESTO MEDRANO
_____     10-2-15
Mauricio Bautista                   Date

_____     09-30-15
Geremias Berganza                   Date

_____     09-30-15
Sabino Diaz                         Date

_____     09-30-15
Jose Jimenez                        Date

_____     09-30-15.
Hernan Latapy                       Date

_____     09.30-15.
Manuel Medrano                      Date

_____     9-30-2015
Nestor Sanchez                      Date

_____     10-01-2015
Miguel Padron                       Date

_____     9-30-2015
Domingo Zamora                      Date

11

DEFENDANTS

_____   $\underline{\phantom{xx}10/5/15\phantom{xx}}$
Maximo Pierola                                Date

_____   $\underline{\phantom{xx}10/5/15\phantom{xx}}$
Maximo Pierola on behalf of Tito Contractors, Inc.    Date

12

DATED:  September 29, 2015

/s/Timothy J. O'Brien
Maximilian A. Grant (D.C. Bar # 481610)
max.grant@lw.com
Timothy J. O'Brien (D.C. Bar # 1015631)
timothy.obrien@lw.com
Thomas W. Yeh (D.C. Bar # 1017831)
thomas.yeh@lw.com
LATHAM & WATKINS LLP
555 11th Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

and

Matthew K. Handley (D.C. Bar # 489946)
matthew_handley@washlaw.org
Dennis A. Corkery (D.C. Bar #1016991)
dennis_corkery@washlaw.org
WASHINGTON LAWYERS' COMMITTEE FOR
CIVIL RIGHTS AND URBAN AFFAIRS
11 DuPont Cir., NW Suite 400
Washington, D.C. 20036
Phone: (202) 319-1000
Fax: (202) 319-1010

*Attorneys for Plaintiffs*

/s/Kimberly Jandrain
Kimberly Jandrain (D.C. Bar. # 977710)
kj@coburngreenbaum.com
Jonathan Greenbaum
jg@coburngreenbaum.com
Coburn & Greenbaum PLLC
1710 Rhode Island Avenue, NW, 2nd Floor
Washington, DC 20036
Telephone: (202) 657-5470
Facsimile: (866) 561-9712

*Attorneys for Defendants*